IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE E. BRISCOE BEY, | : |
| Defendant, | : |
| v. | : Crim. No. 03-18-1-JJF |
| UNITED STATES OF AMERICA, | : |
| Plaintiff. | : |

**MEMORANDUM ORDER**

## I. INTRODUCTION

Pending before the Court are the following motions: (1) Motion for New Trial (D.I. 187.); (2) Motion to Amend Motion for New Trial (D.I. 206.); (3) Motion for Default (D.I. 207.); (4) Motion to Stay the Filing Date for a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (D.I. 208.); and (5) Writ of Mandamus for Expungement and Sealment of Records (D.I. 209.). For the reasons set forth below, the Court will grant Defendant's Motion to Amend his Motion for New Trial, and deny the remaining Motions.

## II. BACKGROUND

On October 24, 2003, following a two-day jury trial, Defendant Clarence Briscoe Bey was convicted of distributing more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On April 2, 2004, the Honorable Kent A. Jordan sentenced Defendant to a 188-month term of imprisonment to be followed by four years of supervised release. Defendant

appealed. On April 20, 2005, the Court of Appeals for the Third Circuit affirmed Defendant's judgment of conviction but vacated his sentence and remanded the case for re-sentencing because the sentence had been entered before the decision <u>United States v. Booker</u>, 543 U.S. 220 (2005). (D.I. 164; D.I. 184.) On remand, Judge Jordan acknowledged the advisory nature of the Guidelines, reconsidered the relevant conduct enhancement, addressed the sentencing factors listed in 18 U.S.C. § 3553(a), and ultimately imposed an identical sentence of 188 months' imprisonment. (D.I. 74.); <u>See</u> (D.I. 184-2.) Defendant appealed, and on June 2, 2006, the Court of Appeals affirmed Defendant's re-sentencing. (D.I. 184-2.) Defendant filed a petition for writ of certiorari in the United States Supreme Court, which was denied on November 27, 2006. <u>Briscoe-Bey v. United States</u>, 549 U.S. 1070 (2006).

**III. DISCUSSION**

    **A. Motion For New Trial And Motion To Amend**

On September 11, 2006, Defendant filed a Motion for New Trial on grounds of newly discovered exculpatory evidence. (D.I. 187.) The alleged newly discovered evidence is a statement that Ernest D. Morris, an informant in Defendant's case, said to Judge Jordan while Morris was being sentenced for his own (Morris') drug conviction. <u>See</u> generally <u>U.S.A. v. Lloyd</u>, Crim. A. No. 02-141-3-GMS. Specifically, Defendant contends that

> [o]n or about December 22, 2003, Mr. Morris appeared before this court for the purpose of sentencing, the trial judge,

>the Honorable Kent A. Jordan in giving Mr. Morris an opportunity to speak before passing sentence was in fact informed by Mr. Morris that "On or about January 27, 2003, he (Morris) and his fiancee, a Ms. Valnique Anderson, talked about how he (Morris) could come up with a way to get a lesser sentence for his illegal activities with cocaine."

(D.I. 187, at pp. 1-2.) According to Defendant, "had the jury been made privy to the fact of Mr. Morris and his fiancee, Ms. Valnique Anderson, putting their heads together for the purpose of conspiring two (2) days prior to the alleged event of commerce, the fact finders would have more than likely rendered a different decision." Id. at p. 6. On August 7, 2007, one year after filing his Motion for New Trial, Defendant filed a Motion to Amend his Motion for New Trial to add a letter written by "informant/agent Ernest D. Morris," which Defendant contends substantiates his innocence and non-involvement in the drug transaction. (D.I. 206.)

To begin, the Court will grant Defendant's Motion to Amend his Motion for New Trial and consider the allegations raised in both documents. The Court will refer to these two Motions as the "Amended Motion for New Trial." (D.I. 187; D.I. 206.)

Nevertheless, even after considering the additional information, the Court concludes that the Amended Motion for New Trial does not warrant relief. Pursuant to Federal Rule of Criminal Procedure 33, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. The standard for determining whether to grant a motion for new trial

under Rule 33 is:

    (a) the evidence must be in fact newly discovered, i.e., discovered since trial; and

    (b) facts must be alleged from which the court may infer diligence on the part of the movant; and

    (c) the evidence relied on must not be merely cumulative or impeaching; and

    (d) it must be material to the issues involved; and

    (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

United States v. Barbosa, 271 F.3d 438, 467 (3d Cir. 2001).

The evidence admitted during Defendant's trial established that Morris was a drug dealer who, after his arrest, decided to cooperate with the Drug Enforcement Agency ("DEA") and help set up the undercover drug operation which resulted in Defendant's arrest. Ernest Morris' "newly discovered" statement regarding the conversation he had with his fiancee about finding a way to obtain a lesser sentence is merely cumulative of the evidence admitted in Defendant's trial. Accordingly, the Court will deny Defendant's Amended Motion for New Trial. (D.I. 187; D.I. 206.)

**B. Motion For Default**

On May 5, 2005, prior to his re-sentencing and while he was represented by counsel, Defendant filed a pro se Affidavit

4

listing "facts" to substantiate his innocence. (D.I. 166.) On June 8, 2005, Defendant filed a document titled "Certification of Non-Response," complaining that none of the attorneys involved in his case responded to his Affidavit. (D.I. 171.) Defendant was re-sentenced on June 22, 2005. Thereafter, Defendant filed another Affidavit on December 19, 2005 (D.I. 181.), and another "Certificate of Non-Response" (D.I. 183.) on March 13, 2006, essentially re-stating the information asserted in his prior Affidavit and Certificate of Non-Response. Defendant filed a third Affidavit on December 1, 2006 (D.I. 186.), as well as a third "Certification of Non-Response" on September 27, 2006 (D.I. 190.). On September 24, 2007, Defendant filed a Motion for Default pursuant to Federal Rule of Civil Procedure 55(a)(b)(2)(e) because the Government has not filed any traverse responding to his Affidavits. (D.I. 207.)

Rule 55 is a federal rule of civil procedure and applies when a party fails to plead or defend in a civil case. The Court has not found any authority justifying the entry of a default judgment against the Government in a criminal case for failure to respond to an affidavit. Accordingly, the Court will deny Defendant's Rule 55 Motion for Default. (D.I. 207.)

### C. Motion To Stay Filing Date For § 2255 Motion

On October 23, 2007, Defendant filed Motion to Stay the filing date for a § 2255 motion. (D.I. 208.) Defendant explains

5

that the United States Supreme Court entered an Order denying his Petition for a Writ of Certiorari regarding his re-sentencing on November 27, 2006, and therefore, he alleges that the one-year limitations period for filing a § 2255 motion would normally have expired on November 27, 2007. Id. at p.2. However, Defendant asserts that the one-year limitations period should not begin to run in his case until after the Court rules on his Motion for New Trial.

Article III of the Constitution limits the judicial power of the federal courts to "actual cases or controversies." Consequently, Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." Princeton University v. Schmid, 455 U.S. 100, 102 (1982).

The record here clearly demonstrates that Defendant has not yet filed an actual § 2255 motion. Therefore, the Court does not have jurisdiction to extend the one-year limitations period or to determine whether or not Defendant's Motion for New Trial will toll the limitations period because there is no case or controversy to be heard at this point in time. See United States v. Leon, 203 F.3d 162 (2d Cir. 2000). Accordingly, the Court will deny the Motion to Stay. (D.I. 208.)

      **D. Writ Of Mandamus For Expungement and Sealment Of Records**

Defendant has filed a document titled "Writ of Mandamus for

Expungement and Sealment of Records" asking the Court to expunge his juvenile criminal record pursuant to 28 U.S.C. § 1361. Defendant explains that he was charged as a juvenile with assault on a mail carrier, obstructing the passage of United States mail, and attempted robbery, and that he was only convicted of obstructing the passage of United States mail in violation of 18 U.S.C. § 1701. Defendant also asserts that the United States Probation Department set aside that conviction in May 1970. Defendant contends that his past acquittal is still being listed as a violent conviction, which would prevent him from qualifying for release under the "Second Chance Act of 2007."[1] (D.I. 209.) Therefore, Defendant asks the Court to expunge his juvenile criminal record.

Mandamus is a drastic measure "to be invoked only in extraordinary circumstances." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996). In order to obtain mandamus relief, the movant must have no other remedy available and the movant's right to mandamus relief must be clear and undisputable. See In re Pressman-Gutman Co., Inc., 459 F.3d 383, 398-99 (3d Cir. 2006). Further, although Federal courts in the Third Circuit have

---

[1] The Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621, 3624, and effective April 9, 2008, increases the duration of pre-release placement in a community corrections center from six to twelve months and requires the Bureau of Prisons to make an individual determination that ensures that the placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

7

jurisdiction over "petitions for expungement in certain narrow circumstances – namely, where the predicate for the expunction is a challenge to the validity of either the arrest or the conviction," United States v. Rowlands, 451 F.3d 173, 177 (3d Cir. 2006), district courts do "not have the jurisdiction to expunge a criminal record, even when ending in an acquittal," solely on the basis of equitable grounds. United States v. Dunegan, 251 F.3d 477, 479-80 (3d Cir. 2001).

In this case, the Court concludes that mandamus relief is not warranted. First, the reason for Defendant's request is to help him qualify for early release under the Second Chance Act at some point in the future; Defendant has not alleged that any pre-release decision has already been denied based on the information contained in his record.[2] Second, if Defendant is denied pre-release placement based on the record at issue, he can challenge that decision when he pursues his administrative remedies. See, e.g., Hodge v. Grondolsky, 2008 WL 5416397, at *2 n.2 (D.N.J. Dec. 18, 2008)(describing the three tier process of

---

[2]The Court acknowledges that Defendant's Petition for Writ of Mandamus under 28 U.S.C. § 1381 may be construed to be a petition under 28 U.S.C. § 2241 challenging the execution of his sentence. See, e.g., Keys v. Dep't. of Justice, 288 Fed. App'x 863, 864 (3d Cir. 2008). Even if Defendant's filing constitutes a § 2241 petition, the mere fact that the information in his record may affect his eligibility for pre-release placement in a community corrections center does not assert a cognizable basis for habeas relief at this juncture. Therefore, the Court lacks jurisdiction over the proceeding because the claim is premature. See supra at p.6.

the Bureau of Prison's Administrative Remedy Program). Therefore, Defendant has failed to demonstrate a clear and undisputable right for mandamus relief because his request is based on a conjectural outcome and there is another remedy presently available to him.

Finally, even if the Court were to accept the veracity of Defendant's assertion that he was acquitted of certain juvenile charges, or that the "Probation Department" set aside his conviction, the Court is not authorized to expunge Movant's criminal record because these events do not necessarily impugn the arrest that preceded the acquittal or the alleged conviction that was set aside. Accordingly, the Court will deny Defendant's Writ of Mandamus for Expungement and Sealment of Records. (D.I. 209.)

**IV. CONCLUSION**

For the preceding reasons, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Amend Motion for New Trial (D.I. 206.) is **GRANTED**.

2. Defendant's Motion for New Trial (D.I. 187.), as Amended by (D.I. 206.), is **DENIED**.

3. Defendant's Motion for Default (D.I. 207.) is **DENIED**.

4. Defendant's Motion to Stay the Filing Date for a § 2255 Motion (D.I. 208.) is **DENIED**.

5.  Defendant's Writ of Mandamus for Expungement and Sealment of Records (D.I. 209.) is **DENIED**.

April 16, 2009
DATE

_Joseph J. Farnan_
UNITED STATES DISTRICT JUDGE