IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE BRISCOE-BEY, : | |
| : | |
| Movant/Defendant, : | |
| : | Crim. No. 03-18-JJF |
| v. : | Civ. No. 09-488-JJF |
| : | |
| UNITED STATES OF : | |
| AMERICA, : | |
| : | |
| Respondent\Plaintiff. : | |

### MEMORANDUM ORDER

Movant Clarence Briscoe-Bey has filed a Motion For The Appointment Of Counsel. (D.I. 215.) Movant requests the appointment of counsel because he believes that counsel would be better able to pursue his claims and promote efficiency. Id.

Although a § 2255 movant does not have a constitutional or statutory right to an attorney in a federal habeas proceeding,[1] a district court may seek legal representation by counsel for a movant who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the movant] resulting . . . from [the movant's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d

---

[1] See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999).

Cir. 1984)); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided for a financially eligible when a court determines that the "interests of justice so require"). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent movant include: (1) the merits of the movant's claim; (2) the movant's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the movant's ability to pursue such investigation; (5) the movant's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56.

After reviewing Movant's Motion, the Court concludes that the case is not so factually or legally complex at this juncture that requesting an attorney to represent Movant is warranted. The Motion demonstrates Movant's ability to articulate his claims and represent himself.  In addition, it does not appear that expert testimony will be necessary or that the ultimate resolution of the Motion will depend upon credibility determinations.  Thus, in these circumstances, Movant's Motion For The Appointment Of Counsel (D.I. 215.) is **DENIED** without

prejudice to renew.

_3/31/2010_
DATE

_Joseph J. Farnan Jr._
UNITED STATES DISTRICT JUDGE