IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. Act. No. 03-18-LPS |
| ) | |
| CLARENCE BRISCOE-BEY, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM ORDER</u>**

**I.   BACKGROUND**

On October 24, 2003, a jury found Clarence Briscoe-Bey ("Defendant") guilty on a single-count indictment that charged him with distribution of more than five hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(l)(B). (D.I. 7) The Court sentenced Defendant to 188 months of imprisonment on March 31, 2004. (D.I. 158) The Court of Appeals for the Third Circuit affirmed Defendant's conviction and sentence on March 29, 2005, but remanded the case for re-sentencing in light of the United State's Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). (D.I. 164; *see also* D.I. 158)

On remand, Defendant was re-sentenced to an identical sentence of 188 months imprisonment.[1] (D.I. 174) Defendant again appealed, and the Third Circuit, on July 26, 2006, again affirmed Defendant's sentence. (D.I. 184) On April 16, 2009, the Court denied

---

[1] In addition to a term of incarceration, Defendant is required to serve 48 months of supervised release. On top of the Court's standard conditions of supervision, Defendant's conditions of release include two special conditions. (D.I. 158 at 3-4) Specifically, Defendant is required to "provide the probation officer with access to any requested financial information" and to "participate in a drug aftercare treatment program." (*Id.*)

1

Defendant's motions related to his request for a new trial and expungement. *(See* D.I. 211; *see also* D.I. 187, 206, 207, 208, 209)

On January 6, 2010, Defendant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). (D.I. 206) The Court dismissed Defendant's Section 2255 Motion as time-barred on September 12, 2012. (D.I. 248, 249) Defendant filed another appeal of the Court's Order dismissing his Section 2255 Motion, which was dismissed on March 26, 2013. (D.I. 258)

Defendant then filed two Motions to Reduce sentence on September 3, 2014 and September 17, 2014. *(See* D.I. 263, 269) On January 14, 2015, the Court granted Defendant's Motion to Reduce Sentence. (D.I. 273) Defendant's sentence was reduced from 188 months to 151 months imprisonment to be followed by 48 months supervised release, pursuant to 18 U.S.C. § 3582(c)(2). *(Id.)*

Defendant was released from the custody of the Bureau of Prisons ("BOP") on October 30, 2015. *See* http://www.bop.gov/inmateloc/ (last visited June 28, 2016). Defendant has been under the supervision of the United States Probation Office since the date of his release. After serving four of the required 48 months of supervised release, Defendant filed three letters related to the terms of his supervision. (D.I. 274, 277, 278)

In his letters, Defendant makes three separate complaints:

> 1) My religious worship, I have been release from BOP's custody since November 1, 201[5]. I requested approval to travel to Baltimore where I wish to participate as a member of the Moorish Science Temple of America as to date it has not been approved when in fact I followed all instructed rules of application. 2) I am being made to give my bank account number of which can be used to gain access to account, legally I am not so sure that the law require. 3) I have suffered three strokes and

2

> as a result I have very little control when I try to write so now when I sign my signature I use a stamp devise of which is legal and common, I am being told in so many words that it is unacceptable and I must use my own hand writing when in fact the stamp devise was made from my own hand writing as this honorable court well know, see attached form highlighted in yellow.

(D.I. 274) On February 11, 2016, the Court ordered the government to respond to Defendant's complaints in his letters, which it did the next day. (D.I. 276) Defendant's second and third letters appear to restate his initial complaints and argue that the government remained "silent" in addressing his concerns. (*Id.* 277 at 1) Given the nature of Defendant's complaints about supervised release, the Court interprets his letters as a Motion to Modify Conditions of Supervised Release pursuant to Federal Criminal Rule of Procedure 32(1)(c).

## II.  LEGAL STANDARD

"[A] sentencing judge has wide discretion in imposing terms of supervised release." *United States v. Albertson*, 645 F.3d 191, 196 (3d. Cir. 2011). The Court's authority to terminate or modify the conditions of supervised release is governed by statute:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; [or]

> (2) . . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

18 U.S.C. § 3583(e)(1).

In turn, Section 3553(a) requires the Court to consider all of the following factors in connection with deciding whether a termination or modification of the terms of supervised release is warranted:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

4

> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

Pursuant to Federal Rule of Criminal Procedure 32.1(c), before modifying the terms of supervised release, "the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation," unless the person waives the hearing or "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and the government has not objected to the requested relief. Here, the relief sought would be favorable to Defendant.

### III. DISCUSSION

As an initial matter, to the extent Defendant is requesting that the Court "modify" his term of supervised release (*see* D.I. 274, 276, 277), a precondition for an award of such relief pursuant to § 3583(e)(1) is that Defendant have served at least one year of supervised release. Defendant has not done so, as he only began his term of supervised release in or around November 2015, which is less than one year ago. Thus, to the extent that Defendant's letters are properly construed as a motion to modify his conditions of supervised release, the Court must deny his motion. Nevertheless, the Court will still address the substance of Defendant's complaints.

Defendant first complains about the probation office's requirement that he disclose information related to his bank account. (*See* D.I. 274 at 1) Defendant contends that there are "no instructions in the court's sentencing order that express or imply that [he] had to make [his]

Bank Account number privy to anyone or agency." (D.I. 278 at 2) In fact, Special Condition of Supervision Number 1 plainly requires him to "provide the probation officer with access to any requested financial information." (D.I. 158 at 4) There is nothing in the multiple factors set out in § 3553(a) to support modifying Special Condition of Supervised Release Number 1.

Defendant next takes issue with the standard sixty (60) day waiting period for new supervised releasees to receive permission to travel outside of the District of Delaware. Defendant sought to travel to the District of Maryland for purposes of religious worship. (D.I. 274 at 1) Standard Condition Number 2 provides that Defendant "shall not leave the judicial district without the permission of the Court or probation officer." (D.I. 158 at 3) Defendant fails to provide any indication of why a modification of the standard sixty (60) day waiting period is warranted. Notably, more than sixty (60) days have now passed. The Court is confident that the Probation Office's policies and procedures will adequately accommodate any of Defendant's reasonable travel requests.

Finally, Defendant complains about his probation officer requiring him to sign documents and not permitting him to use a stamp. (D.I. 277 at 1) The record is devoid of credible medical evidence indicating he is unable to sign documents. Moreover, Defendant did eventually acquiesce and sign probation-related documentation. The Court is confident that the Probation Office will work with Defendant to ensure any legitimate medically-supported health-related complications – which may include an inability to sign documents – will be reasonably accommodated.

## IV. CONCLUSION

Having construed Defendant's Letters (D.I. 274, 276, 277) as a motion to modify the conditions of supervised release, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

                                                             _____
                                                             HONORABLE LEONARD P. STARK
                                                             UNITED STATES DISTRICT JUDGE